**Ijar SHA, aka Hejaz Shah aka Shaid Ali Khan, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–71504.

INS No. A72–971–341.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2001.

Decided June 1, 2001.

Before GOODWIN, HUG, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Ijar Sha, a native and citizen of Pakistan, petitions for review of a decision by the Board of Immigration Appeals ("BIA") denying his application for asylum and withholding of deportation. Sha alleged past persecution and a well-founded fear of future persecution on account of his political opinion. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We grant the petition, hold that Sha is eligible for asylum and entitled to withholding of deportation, and remand to the BIA for the Attorney General to exercise his discretion to grant or deny asylum.

■■■ We review the BIA's decision because it conducted a *de novo* review of whether Sha was eligible for asylum and entitled to withholding of deportation. *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir.1995). We review the factual findings underlying the BIA's decision for substantial evidence, and reverse only if the record compels the opposite outcome. *See*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Lopez–Reyes v. INS,* 79 F.3d 908, 911 (9th Cir.1996).

■ The BIA initially found Sha credible. At oral argument, the Immigration and Naturalization Service ("INS") conceded that there was no subsequent adverse credibility finding. We therefore accept petitioner's testimony as true. *See Kataria v. INS,* 232 F.3d 1107, 1114 (9th Cir.2000).

■ The BIA determined that the beatings, arrests and death threats perpetrated against Sha by police and members of the Pakistan People's Party ("PPP") constituted past persecution on account of political opinion. An asylum applicant who has established past persecution on account of his political opinion is entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b)(1)(i); *Kataria,* 232 F.3d at 1114. To rebut this presumption, the INS must show by a preponderance of the evidence that country conditions have changed to such an extent that a reasonable fear of future persecution is no longer warranted. *See Vallecillo–Castillo v. INS,* 121 F.3d 1237, 1239 (9th Cir.1996).

■ In determining that the presumption had been rebutted, the BIA relied on evidence showing that the PPP was no longer the ruling party in parliament. However, an individualized analysis of the impact the changed country conditions will have on the petitioner's situation is required to overcome a presumption of a well-founded fear of future persecution. *See Borja v. INS,* 175 F.3d 732, 738 (9th Cir.1999) (en banc). Although the PPP suffered an election defeat, there was no evidence in the record showing that the results of the election rendered members of the PPP unable to persecute Sha. Rather, the evidence showed that the PPP continued to maintain political power and the ability to persecute Sha. Therefore, the BIA lacked substantial evidence to support its determination that changed country conditions made Sha's fear of future persecution unjustified. Sha is therefore statutorily eligible for asylum.

The past persecution Sha suffered, which included specific threats to his life, also entitled him to a presumption that he faces a "clear probability of persecution" if returned. *See Duarte de Guinac v. INS,* 179 F.3d 1156, 1164 (9th Cir.1999). Because the INS also failed to rebut this presumption, Sha is entitled to withholding of deportation. *See id.*

Accordingly, Sha is eligible for asylum and entitled to withholding of deportation. Remand is required for the Attorney General's exercise of discretion to determine whether to grant asylum and for the entry of an order withholding deportation. *See id.*

Petition for review GRANTED and case REMANDED.